**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

In re:                                             )
                                                   )
THE FORESIDE COMPANY, LLC,          )          **Chapter 11**
                                                   )          **Case No. 06-20118**
       Debtor.                                )

**DEBTOR'S APPLICATION UNDER 11 U.S.C. § 327, FED. R. BANKR. P.**
**2014, AND D. ME. LBR 2014-3 FOR AUTHORITY TO EMPLOY**
**TULLY & HOLLAND INCORPORATED AS**
**INVESTMENT BANKER FOR DEBTOR**

## I. INTRODUCTION

1.       The Foreside Company, LLC (the "Debtor"), by and through its

undersigned counsel, hereby applies, pursuant to 11 U.S.C. § 327, Rule 2014 of the

Federal Rules of Bankruptcy Procedure, and D. Me. LBR 2014-3, for authority to employ

Tully & Holland Incorporated ("THI") as its investment banker, stating as follows:

## II. JURISDICTIONAL STATEMENT

2.       On April 3, 2006 (the "Petition Date"), the Debtor filed a voluntary

petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C.

§ 101, *et seq.* (the "Code").

3.       The Debtor is a corporation in the business of developing, importing and

selling home furnishings and gifts on a wholesale basis and through seven retail locations

in Maine, New Hampshire, Rhode Island and New York.  As a result of the filing, the

Debtor is now a debtor-in-possession with authority to operate its business pursuant to

Sections 1107 and 1108 of the Code.

4.      This Court has jurisdiction over the above-captioned bankruptcy case pursuant to 28 U.S.C. §§ 157(a), 1334(a), 1408(1), and the standing order of the United States District Court for the District of Maine (the "District Court") dated August 1, 1984, pursuant to which all cases filed in Maine under the Code are automatically referred by the District Court to this Court.  This is a core proceeding.  The Court has jurisdiction to enter a final order on this Motion pursuant to 28 U.S.C. § 157(b)(2)(A).

## III.  GENERAL ALLEGATIONS

5.      This is a complex reorganization case involving millions of dollars in assets and liabilities. The Debtor's internal management structure is fully engaged in the day to day operation of the business.  The Debtor needs assistance and advice with a potential sale, merger, financing or acquisition of its business as a going concern, in order to successfully reorganize in this Chapter 11 proceeding.

6.      The Debtor wishes to retain the services of THI to act as investment banker to the Debtor to assist in this regard.

7.      THI is highly experienced in corporate finance, serving direct marketers, retailers, and consumer products manufacturers and distributors.

8.      The Debtor proposes that THI provide the following services during the pendency of the Debtor's Chapter 11 case:

(a)      consulting with the Debtor and its legal counsel regarding a sale, merger, financing or acquisition;

(b)      develop selling strategies;

(c)      prepare appropriate documentation to present to potential buyers;

(d)      make initial contacts with potential buyers;

(e) arrange and participate in inspection visits and meetings and assist in determining the interest and capabilities of potential buyers;

(f) advise and assist in the analysis and evaluation of prospects and offers and recommend negotiating strategies;

(g) assist in negotiations and formation of agreements; and

(h) assist the Debtor in seeking approval of the Court, and closing any such transaction.

A true and correct copy of THI's engagement letter (the "Engagement Letter") with the Debtor is attached hereto as **Exhibit A.**

9. Upon approval by the Court, THI shall be the Debtor's exclusive agent for a period of six (6) months. After six (6) months, THI will proceed on a month-to-month basis until either party provides a 30-day notice of termination of THI's engagement, or upon the closing of a sale or other transaction, as contemplated in the Engagement Letter.

10. In consideration of THI's services, THI proposes, subject to Court approval, that the Debtor pay to THI a non-refundable retainer in the amount of Twenty Thousand Dollars ($20,000.00) payable in three equal installments. THI shall also receive a "Success Fee", as that term is defined in the Engagement Letter, in the event of an acquisition or sale of some or all of the Debtor's assets or outstanding stock or in the event of a private placement of debt or equity securities issued by Debtor. The Success Fee is based upon the total consideration paid in connection with such an acquisition or sale or private placement, and is described in detail in the Engagement Letter.

### III.  THE STATUTE GOVERNING EMPLOYMENT OF PROFESSIONALS

11. The employment of THI is governed by Section 327(a) of the Code, which

provides, in relevant part, that:

> [T]he trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

## IV. <u>ARGUMENT</u>

### *This Application Should Be Allowed Because THI Does Not Hold Or Represent An Interest Adverse To The Estate, THI Is A Disinterested Person, And Employment Of THI Is Necessary For Effective Administration Of The Estate.*

12.    The Debtor has determined that retaining an investment banker is in the best interest of the Debtor's creditors and its estate in bankruptcy because an investment banker has the expertise and resources that enable it to facilitate and expedite the search for potential buyers and merger partners and the negotiation process.  The Debtor has determined that THI is particularly well suited to conduct the search for potential buyers for its assets and/or merger partners.

13.    To best of the Debtor's knowledge, neither THI, nor any of its officers or directors have any connection with the Debtor, its creditors, or any other party in interest, or its respective attorneys and accountants, the United States Trustee, or any person employed in the United States Trustee's Office.  Except as set forth above and in the Verified Statement Of Timothy W. Tully Pursuant To Fed. R. Bankr. P. 2014(a) And D. Me. LBR 2014-1(a) (the "Verified Statement"), which is filed concurrently herewith, the Debtor believes that neither THI nor any of its officers or directors holds or represents any interest adverse to the estate or the Debtor, and that THI is a "disinterested person" as that term is defined in Section 101(14) of the Code.

14.     Pursuant to D. Me. LBR 2016-1(2), the Debtor by this Motion requests that THI not be required to keep records of actual time expended in this matter, as such is not customary or necessary for a determination of reasonable compensation for THI's services.

15.     On April 27, 2006, the Debtor served, either electronically or by first class U.S. mail, postage prepaid, copies of this Motion, the Verified Statement, a Notice of Hearing, and a proposed order granting this Motion (the "Proposed Order") on the Office of the United States Trustee (the "U.S. Trustee"), on Roger A. Clement, Esq., attorney for the Official Committee of Unsecured Creditors ("Attorney Clement"), on each of the Debtor's secured creditors, and upon each person who has filed a notice of appearance in this case.  The Debtor respectfully requests that this Court find such service to be adequate notice to all parties in interest under the circumstances of the above-captioned case.

WHEREFORE, the Debtor respectfully requests that this Court:

1.     Find service of this Application, the Verified Statement, Proposed Order and Notice of Hearing as set forth above was sufficient notice to parties under the circumstances of this case;

2.     Grant this Application;

3.     Authorize the Debtor to employ THI as its investment banker on the terms and conditions set forth in this Application and the Engagement Letter;

4.     Authorize the Debtor to compensate THI and reimburse its expenses on the terms set forth in this Application and the Engagement Letter;

5.     Grant the Debtor such other and further relief as is just and equitable.

Dated: April 27, 2006            THE FORESIDE COMPANY, LLC

By: /s/ George J. Marcus

George J. Marcus, Esq.

Attorney for the Debtor

MARCUS, CLEGG & MISTRETTA, P.A.
100 Middle Street, East Tower
Portland, ME 04101
207.828.8000

## CERTIFICATE OF SERVICE

I, Debra A. Gerry, hereby certify that I am over eighteen years old and caused a true and correct copy of the above document, the Verified Statement, a Notice of Hearing and a proposed order to be served on the parties at the addresses set forth on the **SERVICE LIST** attached hereto either electronically or via first class U.S. mail, postage prepaid, on the 27th day of April, 2006.

/s/Debra A. Gerry

Debra A. Gerry
Bankruptcy Paralegal

EXHIBIT

A



**TULLY & HOLLAND**

INCORPORATED

60 William Street • Suite 100 • Wellesley, MA 02481 • (781) 239-2900 / Fax (781) 239-2901

www.tullyandholland.com

PRIVATE & CONFIDENTIAL                                                                    March 10, 2006

Mr. Mark E. Woodsum
Chief Executive Officer
The Foreside Company
33 Hutcherson Dirve
Gorham, Maine 04038

Dear Mark:

This letter outlines our understanding regarding the work of Tully & Holland Incorporated ("T&H") in connection with a sale, merger, financing, or acquisition of The Foreside Company (the "Company"). We will prepare appropriate offering materials and will contact prospective purchasers, investors, or acquirers and will assist you in negotiating and consummating a sale, merger, private placement, joint venture or other business combination, or a relationship either through a transfer or license of some or all of the Company's assets and business or outstanding shares. We will provide such guidance and support as may be appropriate, and use our best efforts to arrange a suitable transaction as promptly as possible.

We will act as the Company's exclusive representative in these matters for six months following the signing of this letter, and from month-to-month thereafter until this agreement is terminated. After six months, either party may terminate this agreement by providing thirty days' prior written notice to the other party. The Company agrees that during the term of this agreement, all contacts and negotiations with prospective purchasers shall be handled by T&H, including those who contact the Company directly or through third parties. The Company is not obligated to accept any proposals that may be forthcoming, and except for the retainer and expense reimbursements, as described below, no fee shall be payable to T&H unless a transaction is consummated.

As compensation for our services, the Company will pay to us a non-refundable $20,000 retainer payable in three equal installments commencing upon the signing of this agreement, plus a success fee which will be primarily a function of the consideration paid and to be paid, to or on behalf of the Company, now or in the future, in the amount set forth below:

    a) In the event of an acquisition or sale of some or all of the Company's assets or outstanding stock; or

    b) In the event of a private placement of debt or equity securities issued by the Company, in exchange for capital provided to the Company at the initial closing by investors, and at any subsequent closings which are part of the original transaction. Shares to be issued to investors upon conversion of preferred stock or debt or from the exercise of warrants or options shall be included along with shares sold in the success fee calculation;

a success fee will be due T&H in the instances described above, equal to the sum of:

    (a)    5.5% of the first $2 million of the consideration paid and to be paid by, to or on the behalf of the Company and/or its shareholders, or a private placement of debt or equity securities issued by the Company, now or in the future (the "Purchase Price"), plus

*Specialists in Corporate Finance, Serving Direct Marketers, Retailers, Consumer Products Manufacturers & Distributors*
*Member NASD, SIPC*

      (b)    4.5% of the 2nd $2 million of the Purchase Price, plus
      (c)    3.5% of the 3rd $2 million of the Purchase Price, plus
      (d)    2.5% of the 4th $2 million of the Purchase Price, plus
      (e)    2% of the Purchase Price in excess of $8 million.

Success fees shall be due to us at the closing of the transaction and shall be paid to us in cash as a disbursement of proceeds, except that fees due on payments that are contingent on future performance or events (including on-going royalties, compensation not to compete, consulting or franchise fees, rents in excess of market and other similar types of payments - but not including fixed purchase money obligations such as seller notes, or the assumption of interest bearing liabilities, both of which are treated as current consideration) shall be paid as these payments are received. Notwithstanding the foregoing formulae, the minimum cash fee at the initial closing of any transaction will be $200,000, which will be applied toward the total fee as it comes due over time pursuant to the preceding sentence.

The Company will also be responsible for reasonable out-of-pocket costs incurred by T&H such as travel, lodging, express mail and printing, which shall be billed monthly. Aside from the production of Information Memoranda, any single expense in excess of $500 will require Company pre-approval. The Company and T&H agree that total expenses will not exceed $5,000 without prior notification given to the Company. All travel will require Company pre-approval. T&H will bill on a monthly basis based on the fees and expenses incurred. Payment is due within 20 days following invoicing without regard to the current status or outcome of this matter, and a late payment fee of 1 ½% per month may be chargeable on any indebtedness. T&H may stop work at any time in the event of any delinquency or indebtedness.

The Company shall have the obligation to compensate us in accordance with the terms of this agreement in the event that:

a)    a prospective purchaser or investor negotiates directly with the Company during the exclusivity period without involving T&H and consummates a transaction, or enters into a binding agreement to consummate a transaction, with the Company during the term of this agreement or within 18 months after the date of termination of this agreement; or

b)    a prospective purchaser or investor, or an affiliate of a prospective purchaser or investor, who is contacted during the term of this agreement by T&H in attempting to bring a transaction about, consummates a transaction, or enters into a binding agreement to consummate a transaction, with the Company within 18 months after the date of termination of this agreement; or

c)    one or more holders of the Company's securities consummates a transaction, or enters into a binding agreement to consummate a transaction, with the Company or with one or more other holders of the Company's securities during the term of this agreement or within 18 months after the date of termination of this agreement (except to the extent such security holders assume and honor the Company's obligation to compensate us); or

d)    any existing officer, management personnel, director, investor, or entity with whom any of the foregoing are associated, consummates a transaction, or enters into a binding agreement to consummate a transaction, with the Company within 18 months after the date of termination of this agreement.

Notwithstanding points c) and d) above, should the Company be required to raise capital from its existing securities holders for working capital purposes due to the failure of T&H to generate a proposal as described on Page 1, then no commission shall be due T&H from such capital raised from existing securities holders.

This agreement will be governed by, and construed and enforced in accordance with, the substantive laws of The Commonwealth of Massachusetts. Any controversy or claim arising out of, relating to, or concerning, in any way, this agreement, or any breach thereof, including all issues of arbitrability, shall be settled by arbitration in accordance with the commercial arbitration rules of the American Arbitration Association at its Boston, Massachusetts office. The prevailing party shall be entitled to reimbursement for its costs and expenses, including reasonable attorneys' fees. Judgment upon any award rendered by the Arbitrator(s) may be entered in any court having jurisdiction thereof. This agreement to arbitrate shall be specifically enforceable.

If all or any portion of the Success Fee is not paid in full when due to T&H by the Company, then the Company will pay T&H's attorney fees in the collection of the past-due Success Fee, and in addition will pay interest on the past-due Success Fee owed to T&H at the rate equal to the highest rate authorized to be stipulated in written contracts between private parties under the laws of the State of the Company's residence at the time of execution of this Agreement, or twelve percent (12%) per annum if no such higher rate exists in the Company's State. This agreement is subject to T&H receiving an agreement with Chittenden Bank, in a form acceptable to T&H, that secures T&H's payment in the event of a sale of the company.

The Company represents that it has the requisite corporate and shareholder approval to enter into this agreement and that no party has a "right of first refusal" or other similar right which, if exercised, would preclude the consummation of a transaction contemplated hereby. The Company's personnel will keep us informed of the Company's financial status and will advise us of any material changes, actual or proposed, in your operations, financial condition, or business. The Company will assure that all information presented by the Company is and will be accurate and complete and sufficient (overall) in scope and content to conform to the anti-fraud provisions of applicable securities laws.

The Company appoints T&H as its agent for the sole purpose of entering into confidentiality agreements on behalf of the Company with prospective purchasers, investors, and acquirers. It is understood that T&H is not otherwise acting as agent or fiduciary of, and that T&H has no liabilities to, the Company, its equity holders or any other third party in connection with this letter agreement or any introductions, services or transactions hereunder, all of which liabilities are expressly waived. The Company agrees to our standard indemnification and other agreements set forth in Schedule A attached hereto and incorporated herein by reference. The provisions of Schedule A and the Company's obligations to pay T&H shall survive the termination of this letter agreement.

In the event that a transaction is completed, T&H may wish to advertise its role as financial advisor to the Company. T&H will submit a copy of such advertising to the Company for approval, such approval not to be unreasonably withheld.

If you are in agreement with the foregoing, please so indicate by signing in the space indicated below.

The foregoing is agreed to:

THE FORESIDE COMPANY                      TULLY & HOLLAND INCORPORATED

By: _____               By: _____
    Mark E. Woodsum, CEO                     Timothy W. Tully, President

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| THE FORESIDE COMPANY, LLC, | ) | Chapter 11 |
| | ) | Case No. 06-20118 |
| Debtor. | ) | |

## NOTICE OF HEARING

PLEASE TAKE NOTICE THAT on **Wednesday, May 10, 2006 at 11:00 a.m.**, a hearing will be held at the United States Bankruptcy Court, 537 Congress Street, Portland, Maine, on the *Debtor's Application for Authority to Employ and Retain Tully & Holland Incorporated as Investment Banker* (the "Application").

Pursuant to Maine Bankruptcy Rule 9013-1(e), any written opposition to the Application must be set forth in writing and filed with the Clerk of the United States Bankruptcy Court for the District of Maine, 537 Congress St., Portland, Maine 04101, on or before **May 8, 2006**, and simultaneously therewith served upon the undersigned at the address set forth below. Unless an objecting party appears at the hearing to assert the basis for such objection before the Court, such objection shall be deemed to have been waived and abandoned.

**IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE RELIEF REQUESTED IN THE APPLICATION MAY BE GRANTED BY DEFAULT WITHOUT FURTHER NOTICE OR HEARING.**


DATED: April 27, 2006

/s/George J. Marcus_____
George J. Marcus, Esq.
Jennie L. Clegg, Esq.
David C. Johnson, Esq.
MARCUS, CLEGG & MISTRETTA, P.A.
100 Middle Street, East Tower
Portland, ME 04101
(207) 828-8000

Attorneys for The Foreside Company, LLC

<u>**SERVICE LIST**</u>

**THE FORESIDE COMPANY, LLC**
**Chapter 11, Case No. 06-20118**

## Electronic Mail Notice List

- **Eric K. Bradford**    Eric.K.Bradford@USDOJ.gov

- **Roger A. Clement, Jr.**    rclement@verrilldana.com, bankr@verrilldana.com

- **David C. Johnson**    bankruptcy@mcm-law.com, djohnson@mcm-law.com

- **Peter D. Klein**    pklein@eatonpeabody.com,
  npendleton@eatonpeabody.com;eaton.peabody.bankruptcy@gmail.com;khoovler
  @eatonpeabody.com

- **Jacob A. Manheimer**    jmanheimer@pierceatwood.com,
  mpottle@pierceatwood.com;cmowbray@pierceatwood.com

- **George J. Marcus**    bankruptcy@mcm-law.com, dgerry@mcm-law.com

- **James F. Molleur**    jim@molleurlaw.com,
  debbie@molleurlaw.com;martine@molleurlaw.com;cheryl@molleurlaw.com;da
  wn@molleurlaw.com;scott@molleurlaw.com

- **Victor Wayne Newmark**    vnewmark@evict.net, bankruptcy@evict.net

- **Office of U.S. Trustee**    ustpregion01.po.ecf@usdoj.gov

- **F. Bruce Sleeper**    bankruptcy@jbgh.com

- **Marshall J. Tinkle**    mjtinkle@tchl.com,

## Manual Notice List

- **Albatrans USA, Inc.**
  149-10 183rd Street
  Jamaica, NY 11413

- **AmericasMart Real Estate, LLC**
  c/o Wiles and Wiles
  800 Kennesaw Avenue
  Suite 400
  Marietta, Ga 30060

**Warren Martin**
**Brett S. Moore**
Porzio, Bromberg & Newman, PC
100 Southgate Parkway
P.O. Box 1997
Morristown, NJ 07962-1997